UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**BENNIE L. GAMBLE, JR.**                                                      **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO.  3:12CV-P481-H**

**LESLIE WHITMER** *et al.*                                            **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, an inmate at the Northpoint Training Center, filed this *pro se* action pursuant to 42 U.S.C. § 1983.  He names as Defendants Leslie G. Whitmer and Robert R. Carr, whom he identifies as Clerks of the "U.S. District Court (Ashland)"; Allison R. Brown, whom he identifies as an attorney at "Office of Legal Services (KY.)"; Diane Schnur, whom he identifies as a Case Manager at the "U.S. District Court (6th Cir.)"; and Leonard Green, whom he identifies as the Clerk of the "U.S. District Court (6th Cir.)."  He sues each Defendant in his or her individual and official capacity.

Plaintiff states that the "afore said defendants are in violation of Petitioner's U.S. Constitutional Rights, pursuant to Article III, Article IV, and Article VI.  Amendments 1, 2, 4, 5, 8, and 14, and Am Jur.[,]" as well as various "Federal Civil/Judicial Procedures and Rules."  He also states that Defendants are in violation of "28 USC Title 18, § 241. Conspiracy against rights[,]" several other sections presumably of Title 18, and "28 USC Rule 25. (4) Clerk's Refusal of Documents."  Plaintiff also states that on "May 29, 2012, I received a Motion to Dismiss for civil action no. 10-CV-00019-HRW, that was electronically filed, and sent to me with no signature, which places accountability on Allison R. Brown, counsel for Defendants.  All Defendants are also guilty of violating my 14th, and 5th Amendments, as well as the Equal Protection Clause."  As relief, Plaintiff seeks $5 million in punitive damages and seeks to "prosecute defendants pursuant to Title 18."

There is no special venue statute for § 1983 civil rights actions. Therefore, 28 U.S.C. § 1391 controls. Under § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Court concludes that it is unlikely that all Defendants reside in Kentucky since Plaintiff's attachments reveal that Defendants Green and Schnur worked for the Sixth Circuit Court of Appeals located in Cincinnati, Ohio. While the complaint contains very little in the way of factual allegations, it concerns the handling of Plaintiff's case in the U.S. District Court for the Eastern District of Kentucky. Therefore, proper venue for this complaint lies in that district.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if in the interest of justice, transfer such case to any district or division in which it could have been brought." In the present case, the Court has reviewed the complaint and attachments[1] and will dismiss the action because Plaintiff's federal civil rights claims fail as a matter of law.

---

[1] When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss it if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff's claims against Defendants Whitmer, Carr, Green, and Schnur, who are current or former judicial employees,[2] are barred. Similar to judges who are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), judicial employees likewise are entitled to quasi-judicial immunity from a claim for damages arising out of the performance of duties closely intertwined with the judicial process. *Bush v. Rauch*, 38 F.3d 842, 847-48 (6th Cir. 1994). Accordingly, Defendants Whitmer, Carr, Green, and Schnur are entitled to absolute immunity for any claims predicated in their performance of those functions. *See Sirbaugh v. Young*, 25 F. App'x 266, 268 (6th Cir. 2001) (court clerk immune from damages claim for actions interpreting and applying Michigan in forma pauperis statute); *Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) ("When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction."). Plaintiff's claims against these Defendants clearly are based on their performance of their duties related to the handling of his previous case, and nothing in the complaint or attachments suggests that their actions were taken outside of the clerk's office's jurisdiction. Defendants Whitmer, Carr, Green, and Schnur are therefore immune from suit for the conduct alleged in the complaint, and the claims fail as a matter of law.

Moreover, Plaintiff's only factual allegation against Defendant Brown appears to be that she sent him a motion to dismiss without a signature. However, a review of that motion, which Plaintiff attaches to the complaint, shows that Brown signed the motion electronically. In any

---

[2]The Court takes judicial notice that Whitmer is the former Clerk of Court of the U.S. District Court for the Eastern District of Kentucky; that Carr is the current Clerk of Court and the former Chief Deputy Clerk of the Eastern District; that Green is the former Clerk of Court for the Sixth Circuit Court of Appeals; and that Schnur is a Case Manager for the Sixth Circuit.

event, an attorney's failure to sign a document does not subject him or her to liability under § 1983. Therefore, Plaintiff's claim against Defendant Brown also fails as a matter of law.

Further, to the extent that Plaintiff seeks to "prosecute" Defendants, this Court does not have the power to direct that criminal charges be filed against anyone. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972). For the foregoing reasons, the Court concludes that it is not in the interest of justice to transfer this action, and the action will be dismissed. A separate Order of dismissal will be entered consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4412.010